(Superior Court of Cincinnati.)
Special Term—June, 1897.

## JOSEPH WOLFERT v. HENRY G. STEIBEL.

---

It is not essential to the validity of a deposition that it be written in long hand, and a motion to strike from the files will not be granted when the sole objection is, that it was first stenographically written, and afterwards transcribed on a type-writer.

---

HUNT, J.

This case comes before the court on motion of the defendant to strike a certain deposition from the files because the same was not taken in the manner prescribed by law.

It is contended that the deposition is typewritten, and does not conform to the requirements of the statute. It is urged that it was taken stenographically first, and thereafter transcribed on the typewriter, and subscribed by the witness. It is conceded that it was not written in long hand.

The question is whether such a deposition conforms to the provisions of the statute which provides that the deposition shall be written in the presence of the officers before whom it is taken, either by the officer, the witness, or some disinterested person, and subscribed by the witness. Sec. 5275, Rev. Stat. This statute, it is claimed, was passed March 11, 1853, (O. L., Vol. 51, p. 57,) and certainly did not mean that the deposition should be typewritten, since such an instrument as the typewriter was not known at that time.

It is provided in sec. 4947, Rev. Stat., that in the interpretation of part third, unless the context shows that another word was intended, that the word "writing" shall include "printing," and it is further provided in sec. 4948, Rev. Stat., that the provisions

of part third, and all proceedings under it, shall be liberally construed, in order to promote its object and assist the parties in obtaining justice, and that the rule of the common law, that statutes in derogation thereof must be strictly construed, has no application to this part. Part third begins with sec. 4947, and ends with sec. 6793, and includes secs. 5261 and 5287, providing for the mode of taking depositions.

In Saunders v. Kinchler, 7 W. L. B., 270, the question was raised whether the official stenographers of the court are authorized, under sec. 481 Rev. St., to take depositions in shorthand. The court, although passing alone upon the question of the power of the official stenographer of the court to take depositions as the one in question was taken, said that it was not the statute which caused depositions to be taken in long hand; it was the state of the art of printing. It was evidently the intention of the legislature to authorize the court stenographers to employ the art of short hand writing in taking depositions, and that by a well known rule of construction every necessary incident of the power is implied.

It is not essential to the validity of a deposition that it be written in long hand. The world moves, and the typewritten deposition will not be an unwelcome substitute for the cumbersome long-hand form which multiplies both labor and time. This, of course, presumes that there has been a compliance with the other formalities required by law.

The notary before whom the deposition was taken, certifies to a strict compliance with all provisions of the statute governing the taking of depositions, and indeed it is conceded that the certificate annexed to the deposition shows that it was taken in accordance with the laws of the place where made.

The certificate must affirmatively show compliance with the law, and as to facts which a magistrate is required to state in the caption of a deposition, his certificate in the caption is conclusive. Weeks on Depositions, sec. 336; Cooper v. Bakeman, 33 Maine, 376; True v. Plumley, 466.

The motion is overruled.